UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

SAMMY RAY O'QUINN,
  *Defendant-Appellant.*

No. 02-4666

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-02-50)

Submitted: February 28, 2003

Decided: March 19, 2003

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Sammy Ray O'Quinn appeals from his convictions and sentence for possession with intent to distribute methamphetamine and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). He contends that the district court erred by denying his motion for judgment of acquittal and assessing a two-level enhancement for possession of a dangerous weapon pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2001). We affirm.

A motion for judgment of acquittal will be denied if, viewing the evidence in the light most favorable to the government, there was substantial evidence from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). We find that the district court properly denied O'Quinn's motion. The government presented evidence that O'Quinn assisted Donald Kelly in packaging two ounces of methamphetamine for sale to an individual that O'Quinn knew as "Sandman." Kelly then instructed O'Quinn to hide a cooler—which contained additional packages of methamphetamine and a quantity of cocaine—in the woods near Kelly's house. Instead, O'Quinn placed the cooler in Kelly's pick-up truck.

The two then proceeded in Kelly's truck to meet with Sandman to deliver the two ounces of methamphetamine and collect the money for a prior delivery to Sandman of a quantity of methamphetamine. Following the transaction, Deputy Murchison of the Lee County Sheriff's Department executed a traffic stop of the truck and arrested Kelly for driving while intoxicated. Detective Street arrived to provide back-up. As he approached the truck, O'Quinn began to stuff plastic bags from the cooler down his pants. Street noticed that O'Quinn appeared agitated and was moving and bending down—possibly reaching for a weapon. Street ordered O'Quinn to exit the

vehicle, and O'Quinn complied. He continued to fidget and appear agitated. After a brief exchange, O'Quinn dropped a bag containing a white powdery substance, glanced at it, and ran off. Street picked up the bag and pursued him. During the pursuit, O'Quinn dropped four more bags, which Street recovered.

O'Quinn was subsequently arrested and returned to the scene; he had $600 in cash in his pocket. He remained agitated and denied possessing "the stuff." The officers recovered from the vehicle a plastic bag containing a large sum of cash and a cooler containing "several plastic bags containing white rock-like substances." The plastic bags recovered from the cooler and those that O'Quinn dropped later proved to contain methamphetamine and cocaine.

Based on this evidence, we agree with the district court's determination that a reasonable jury could find that O'Quinn knowingly possessed the controlled substances and, based on the quantities, that he had the intent to distribute the controlled substances. *See United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc) (providing elements of possession with intent to distribute).

O'Quinn contends that the government failed to prove his possession of the controlled substances, because Kelly testified that the drugs were his, that O'Quinn contributed no money toward the drugs, and that he alone would profit from the sale of the drugs. Possession may be actual or constructive. *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992). A person has constructive possession of an item if he knows of its presence and has the power to exercise dominion and control over it. *United States v. Schocket*, 753 F.2d 336, 340 (4th Cir. 1985). Possession need not be exclusive but may be joint and may be established by circumstantial evidence. *Id*. We find that the evidence, viewed in the light most favorable to the government, *see MacCloskey*, 682 F.2d at 473, was sufficient to prove that O'Quinn exercised dominion and control over and thus possessed the controlled substances. *See Schocket*, 753 F.2d at 340.

O'Quinn next argues that the district court erring in applying a two-level upward adjustment for possession of a firearm. This Court reviews for clear error the district court's decision to impose the two-level enhancement for possession of a firearm during a drug traffick-

ing offense. *Rusher*, 966 F.2d at 880. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The evidence supports no such conclusion in this case. Detective Murchison testified that when he approached the vehicle, he saw what appeared to be a handgun in the console between the two front seats. A subsequent search of the vehicle resulted in the seizure of a loaded .9 millimeter handgun clip, but not in the recovery of a firearm. However, Deputy Murchison also testified that he saw a firearm in O'Quinn's hand as he ran from the scene. Also, when O'Quinn was apprehended and brought back to the truck, he inquired whether the officers had found a gun. We find no clear error by the district court in determining that a gun was present, and thus in applying the two-level enhancement. *See id.* at 395; *Rusher*, 966 F.2d at 880; *see also United States v. Uwaeme*, 975 F.2d 1016, 1018 (4th Cir. 1992) (providing that reviewing court gives substantial deference to credibility determinations).

Accordingly, we affirm O'Quinn's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*